# DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| ISSAC BRACY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LORNA MARVINNY,<br><br>　　　　Defendant.<br>_____ | 1:20-cv-00036-WAL-EAH |

TO:　Issac Bracy, *Pro Se*
　　　Gaylin Vogel, Esq.

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on an Order by the District Court for a Report & Recommendation ("R & R") as to whether this matter should be dismissed for failure to prosecute. Dkt. No. 35. For the reasons that follow, the Court recommends that this matter be dismissed.

## BACKGROUND

Plaintiff Issac Bracy, proceeding pro se, filed an action for personal injury, libel, slander, oral defamation, and race discrimination against Defendant Lorna Marvinny on August 5, 2020, and a summons issued in September. Dkt. Nos. 1, 2. The Court issued an Order to Show Cause for failure to prosecute in March 2021, sent to the post office box address Bracy had provided to the Court. Dkt. Nos. 3, 4. Bracy responded, and the Order to Show Cause was discharged on March 18, 2021. Dkt. Nos. 6, 7, Marvinny was served on March 17, 2021, Dkt. Nos. 9, 10. On March 31, 2021, Marvinny filed a motion to dismiss for failure to state a claim. Dkt. No. 11. Bracy did not respond to the motion to dismiss; rather,

*Bracy v. Marvinny*
1:20-cv-00036
Report and Recommendation
Page 2

in May 2021, he filed a motion for entry of default because "the defendant filed nothing." Dkt. No. 13. The Court denied the motion.[1] Dkt. No. 15.

The Court set an initial conference for June 27, 2022. Dkt. No. 22. The Order directed each party to file a Discovery Memorandum by June 22, 2022. *Id.* Marvinny filed her Discovery Memorandum on June 22, indicating that no discovery had been conducted. Dkt. No. 24. She asserted that Bracy had "refused to engage with defense counsel" having "not responded to Defendant's efforts to meet and confer on scheduling," and therefore the 14-day period to file Rule 26 disclosures had not begun. *Id*. at 2, 3.

Prior to the June 27, 2022 initial conference, the Clerk's Office sought to contact Bracy for an email address to send him the video link for the conference. 6/24/22 Docket Entry. The Clerk sent a video link to Bracy's son, and the son sent an email confirmation to the Clerk. *Id.* Bracy did not appear at the June 27 initial conference. The Court then issued an Order directing Bracy to show cause at a hearing on July 18, 2022 why he should not be subject to sanctions for failure to comply with the June 7, 2022 order (failing to file a discovery memorandum) and for failure to appear at the June 27 initial conference, and why the Court should not recommend to the District Judge that the matter be dismissed for failure to

---

[1] The Court sent copies of all orders to Bracy by certified mail, return receipt requested, to the address Bracy provided, that was listed on the Court's docket. Bracy received the Order to Show Cause and the Order discharging the Order to Show Cause in March 2021. Dkt. Nos. 5, 12. However, subsequent mailings from the Court—the Order denying the application for entry of default and reassigning the case to the newly-appointed magistrate judge, which were sent to the same address—were returned as undeliverable. Dkt. Nos. 20, 21.

*Bracy v. Marvinny*
1:20-cv-00036
Report and Recommendation
Page 3

prosecute. Dkt. No. 26. The Court sent Bracy a hard copy of this order on June 28, 2022, and it was returned as undeliverable on July 8, 2022, Dkt. Nos. 28, 29.

Bracy did not appear at the July 18, 2022 show cause hearing nor did he file any document requesting an extension or explaining why he could not attend the hearing. The Court stated on the record at the hearing that when the Deputy Court Clerk attempted to contact Bracy prior to the hearing, his girlfriend stated that she had not spoken with him in two months and that he had been hospitalized. Given the Court's inability to determine whether Bracy's non-appearance at the show cause hearing was due to hospitalization or dilatory conduct, the Court stated that it would provide him one last opportunity to appear and indicate his intention to prosecute the case. The Court memorialized that position in an Order issued on July 18, 2022 directing Bracy to (1) explain to the Court his failure to appear at the June 27, 2022 initial conference and the July 18, 2022 show cause hearing, and to provide the Court with notice whether he intended to prosecute this action no later than August 19, 2022; (2) include a statement in his notice that he had contacted Defendant's counsel and agreed on a discovery schedule (if he planned to prosecute the action); and (3) update his address and contact information with the Court. Dkt. No. 31. The Order also provided that, if Bracy did not contact the Court and defense counsel by August 19, 2022, the Court would recommend to the District Court Judge that the matter be dismissed for failure to prosecute. *Id.* The record shows that Bracy did not file any notice by August 19, 2022 or thereafter.

**DISCUSSION**

Under Rule 41(b), a district court may dismiss an action if a litigant has failed to prosecute or to comply with a court order. *See* Fed. R. Civ. P. 41(b). A court must justify its decision under the multi-factor balancing test set forth in *Poulis v. State Farm Fire & Casualty Company*, 747 F.2d 863 (3d Cir. 1984). Under *Poulis*, a court must weigh:

> [1] the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868 (emphasis removed). These factors must be balanced, and not all factors need to be satisfied for the trial court to dismiss a claim. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003). "Pro se litigants are not excused from being tested under the *Poulis* factors." *Marin v. Biros*, 663 F. App'x 108, 110 (3d Cir. 2016). Moreover, a Court "must provide the plaintiff with a full and fair opportunity to be heard regarding his failure to comply with the court's orders. Only after providing that opportunity should the District Court conduct an analysis of the *Poulis* factors to determine whether it should dismiss the plaintiff's case." *Briscoe v. Klaus*, 538 F.3d 252, 264 (3d Cir. 2008).

Applying the first *Poulis* factor, Bracy—as a pro se litigant—bears full personal responsibility for the litigation. *See id.* at 258-59; *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). "This means that [Bracy] was. . . personally responsible for supplying the court with an address that would foster direct and timely communication with the court. He

*Bracy v. Marvinny*
1:20-cv-00036
Report and Recommendation
Page 5

obviously failed to do so." *Marin*, 663 F. App'x at 110-11. This factor weighs in favor of dismissal.

Second, "prejudice includes delays in participating in the case (especially discovery) that can result in the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Id.* at 111 (internal quotation marks omitted). The defendant need not show "irremediable harm" for the prejudice to weigh in favor of dismissal. *Ware*, 322 F.3d at 222. An inability to "prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Id.* (internal quotation marks omitted). The Defendant was prejudiced here because, as stated in her Discovery Memorandum, Bracy refused to participate in discovery. Given that the events complained of occurred in 2018 and 2020, it is a reasonable conclusion that memories of the interactions at issue have faded. In addition, given that the complaint is bereft of facts, and Bracy refused to participate in discovery, the Defendant has been unable to establish a defense, much less a trial strategy. This factor weighs in favor of dismissal.

Third, although the record of this case spans two years, there is little litigation history because Bracy has not submitted a filing since his motion for a default in May 2021. Even so, there is sufficient evidence to show a consistent "history" of dilatoriness. The Third Circuit has held that "extensive delay can create a history of dilatoriness." *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 135 (3d Cir. 2019) (internal quotation marks omitted). "Failure to prosecute under . . . Rule 41(b) does not mean that the plaintiff must have taken any positive

*Bracy v. Marvinny*
1:20-cv-00036
Report and Recommendation
Page 6

steps to delay the trial or prevent it from being reached. . . . It is quite sufficient if he does nothing, knowing that until something is done there will be no trial." *Adams v. Tr. of N.J. Brewery Emps. Pension Tr. Fund*, 29 F.3d 863, 875 (3d Cir. 1994) (internal quotation marks and alteration omitted). The first filing on the docket, other than the complaint being filed and summons being issued, was a March 2021 Order to Show Cause why the case should not be dismissed for failure to prosecute, issued after six months had passed without any movement in the case. Dkt. No. 3. Bracy was thus on notice that if he did not advance his litigation, his case could be dismissed. He participated for a few months by responding to the Order to Show Cause and by filing the motion for default. But then the record went silent.

Bracy failed to respond to Defendant's motion to dismiss; Defendant's counsel stated he refused to participate in discovery; he did not appear at the initial conference (in spite of the Court reaching out to his son to provide a video link); he did not appear in response to the second show cause hearing (despite the Court reaching out to him by telephone) or respond to the July 18, 2022 order seeking to elicit his intentions with regard to continuing the litigation. He did not seek any extensions, did not offer any explanations, and did not update the Court with his current contact information. He thus had "a full and fair opportunity to be heard regarding his failure to comply with the court's orders." *Briscoe*, 538 F.3d at 264. Bracy's failures to act, despite being aware of the consequences of inaction, evince a certain dilatoriness which has kept this case open, but not litigated. *Adams*, 29 F.3d at 875; *see also Mains v. Harper*, 2022 WL 2671727, at *3 (W.D. Pa. June 9, 2022) (plaintiff's failure to keep address up to date, such that neither the court nor defendants had any way to

*Bracy v. Marvinny*
1:20-cv-00036
Report and Recommendation
Page 7

serve documents on him, was sufficient evidence of dilatoriness, indicating that plaintiff no longer desired to proceed with the action). This factor weighs in favor of dismissal.

In evaluating the fourth factor—whether the conduct of the party was willful or in bad faith—courts look for the "type of willful or contumacious behavior that can be characterized as flagrant bad faith, such as . . . ignoring admonitions by the court[.]" *Hildebrand*, 923 F.3d at 135. Willfulness involves "intentional or self-serving," rather than negligent, behavior. *Briscoe*, 538 F.3d at 262 (internal quotation marks omitted). There is some evidence that Bracy exhibited bad faith when he refused to engage in discovery with Defendant's counsel, but otherwise the record does not show overtly contumacious behavior. Still, his conduct in failing to comply with Court Orders, to attend the July 18, 2022 show cause hearing or respond to the July 18 Order, or to update the Court with his address, all of which has "dragg[ed] the case out," lead to the conclusion that such conduct was "not merely negligent or inadvertent." *Emerson*, 296 F.3d at 191. This factor does not weigh in favor of or against dismissal.

The fifth factor—considering the effectiveness of sanctions other than dismissal—weighs in favor of dismissal. "Alternative[sanctions] are particularly appropriate when the plaintiff has not personally contributed to the delinquency." *Poulis*, 747 F.2d at 866 (internal quotation marks omitted). But Bracy was solely responsible for the delinquency. In the Court's view, evidentiary or monetary sanctions would not be sufficient or effective because Bracy has completely forsworn involvement in this case. It is in such a vestigial posture that no evidentiary sanctions could be assessed. Moreover, it would be unlikely that he would

*Bracy v. Marvinny*
1:20-cv-00036
Report and Recommendation
Page 8

respond and pay a sanction, and the case would continue to exist without resolution. Accordingly, a lesser sanction than dismissal would not be effective.

Finally, an assessment of the meritoriousness of Bracy's claims weighs in favor of dismissal. In determining whether a claim is meritorious, a Court uses the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Briscoe*, 538 F.3d at 263. When assessing a pro se complaint, a court should construe it liberally and draw fair inferences from the allegations. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). Despite this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *Mains*, 2022 WL 2671727, at *4. Bracy described his complaint as an action for personal injury, libel, slander, defamation, and race discrimination. Dkt. No. 1. He asserted that in June 2018 and in June 2020, Marvinny made "false and slanderous statements" to him that injured his reputation; during the 2018 incident, Marvinny placed her hand on the driver's side door of Bracy's truck and was speaking so loudly that spit from her mouth landed on him. *Id.* He did not allege any facts describing his injuries, the allegedly defamatory statements, or any alleged racial discrimination. *Id.* In essence, the complaint consisted of vague allegations of wrongdoing that were insufficient to state claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (noting that, while the pleading standard of Rule 8 does not require detailed factual allegations, it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that a complaint is insufficient "if it tenders 'naked assertions' devoid of 'further factual enhancement'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57, (2007)). Moreover,

*Bracy v. Marvinny*
1:20-cv-00036
Report and Recommendation
Page 9

the Virgin Islands statute of limitations for personal injury, libel, and slander actions is two years. 5 V.I.C § 31(5)(A). Because the first claim occurred in June 2018 and Bracy filed his complaint in August 2020, the statute of limitations appears to bar that claim.

Thus, a majority of the *Poulis* factors weighs in favor of dismissal. While dismissal of a complaint is a serious sanction, the responsibility for prosecuting the complaint rested with Bracy, and his apparent "unwillingness to prosecute the case leaves a reasonable court with no other choice but to dismiss it." *Marin*, 663 F. App'x at 111.

Accordingly, the Court **RECOMMENDS** that Plaintiff Issac Bracy's claims against Defendant Lorna Marvinny be **DISMISSED for failure to prosecute**.

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice, 28 U.S.C. § 636(b)(1), and must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis of such objection." LRCi 72.3. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. *See, e.g., Thomas v. Arn*, 474 U.S. 140 (1985).

The Clerk of Court shall send a copy of this R&R to Bracy via certified mail.

ENTER:

Dated: September 6, 2022        /s/ Emile A. Henderson III
                                                 EMILE A. HENDERSON III
                                                 U.S. MAGISTRATE JUDGE