DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| ISSAC BRACY, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 2020-0036 |
| LORNA MARVINNY, | ) |
| Defendant. | ) |

**Appearances:**
**Issac Bracy,** *Pro Se*
St. Croix, U.S.V.I.

**Gaylin Vogel, Esq.,**
St. Thomas, U.S.V.I.
  *For Defendant*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on the Report and Recommendation ("R&R") by Magistrate Judge Emile A. Henderson III on September 6, 2022. (Dkt. No. 36). In his R&R, Magistrate Judge Henderson recommends that Plaintiff Issac Bracy's ("Plaintiff") Complaint (Dkt. No. 1) be dismissed. For the reasons that follow, the Court will adopt as modified herein Magistrate Judge Henderson's R&R and will dismiss Plaintiff's Complaint with prejudice for failure to prosecute.

### I.   Background

Plaintiff, proceeding pro se, commenced this action against Defendant Lorna Marvinny ("Defendant") on August 5, 2020. *Id*. at 1-2. Upon filing of the Complaint, the Clerk of Court notified Plaintiff that his filing was missing several documents and mailed the documents to

Plaintiff, instructing him to return the completed documents to the Clerk of Court. (8/5/2020 Docket Entry). For the next seven months, Plaintiff did not return the documents requested by the Clerk, nor serve the Complaint on Defendant. On March 4, 2021, Magistrate Judge George W. Cannon, Jr., issued an Order to Show Cause for Plaintiff's failure to advance this action. (Dkt. Nos. 3, 4). Plaintiff responded to the Order to Show Cause on March 18, 2021 (Dkt. No. 6), after which Magistrate Judge Cannon discharged the Order to Show Cause. (Dkt. No. 7). Then, on March 31, 2021, Defendant filed a "Motion to Dismiss" (Dkt. No. 11), to which Plaintiff has not responded.[1]

The case was reassigned to Magistrate Judge Henderson on May 2, 2022. (Dkt. No. 16). On June 7, 2022, Magistrate Judge Henderson issued an Order setting an initial conference for June 27, 2022 and directing each party to file a discovery memorandum. (Dkt. No. 22). Plaintiff did not file a discovery memorandum, nor appear at the June 27, 2022 initial conference. (Dkt. No. 26).

On June 27, 2022, Magistrate Judge Henderson issued an Order to Show Cause directing Plaintiff to show cause—at a hearing scheduled for July 18, 2022—why, *inter alia*, he should not recommend dismissal of the action for failure to prosecute. *Id*. A copy of the Order to Show Cause and several other notices of Court filings were sent to Plaintiff but were returned as undeliverable. (Dkt. Nos. 17, 18, 20, 21, 28, 29, 32, 34). Plaintiff did not appear at the July 18, 2022 show cause hearing, nor did he file any document explaining his absence or requesting a continuance. (Dkt. No. 30). Magistrate Judge Henderson issued another Order directing Plaintiff, *inter alia*, to provide notice as to whether he plans to prosecute this action and to update his mailing address and contact

---

[1] Plaintiff subsequently filed a motion for entry of default on May 14, 2021, claiming that "defendant filed nothing" (Dkt. No. 13), which Magistrate Judge Cannon denied on May 17, 2021 (Dkt. No. 15).

information with the Court. (Dkt. No. 31). The Order also advised Plaintiff that if he did not respond by August 19, 2022, the Magistrate Judge would recommend that the matter be dismissed for failure to prosecute. *Id*. The record shows that Bracy did not respond by August 19, 2022 or thereafter.

On September 2, 2022, this Court referred this matter to Magistrate Judge Henderson for an R&R as to whether this matter should be dismissed for failure to prosecute. (Dkt. No. 35). On September 6, 2022, Magistrate Judge Henderson issued an R&R, recommending dismissal. (Dkt. No. 36). Plaintiff has not filed any objections to the R&R.

## II. Discussion

Where—as here—the parties do not timely object to a magistrate judge's R&R, there is no statutory requirement that a district court review the R&R before accepting it. *See Thomas v. Arn*, 474 U.S. 140, 151 (1985); 28 U.S.C. § 636(b)(1)(C) (a district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made"); *see also Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x 151, 153 (3d Cir. 2011) (recognizing that *Thomas* permits the district court to decline to review undisputed recommendations). Notwithstanding *Thomas*, the Third Circuit has stressed that, even in the absence of an objection, the "better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

Where no objections have been filed, a district court reviews an R&R under the "plain error" standard of review. *See* Fed. R. Civ. P. 72(b) Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Under this standard, a district court reviews a

magistrate judge's report and recommendation for error that is "'clear' or 'obvious' and seriously affect[s] the fairness or integrity of the judicial proceedings." *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (citing *United States v. Sargeant*, 171 F. App'x 954, 957 n.4 (3d Cir. 2006)), *aff'd*, 276 F. App'x 125 (3d Cir. 2008); *see also Nara v. Frank*, 488 F.3d 187, 197 (3d Cir. 2007) ("An error is 'plain' if it is clear or obvious.").

The Court finds that there is no plain error in Magistrate Judge Henderson's conclusion that, based on a balancing of the factors set forth in *Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 863 (3d Cir. 1984), this action should be dismissed for failure to prosecute.[2] It is important to add, however, that unless otherwise stated, a dismissal for failure to prosecute under Rule 41(b) results in dismissal of the action with prejudice. *Matta v. Gov't of Virgin Islands*, No. 11-CV-00091, 2016 WL 122954, at *1 (D.V.I. Jan. 8, 2016) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001) ("Unless otherwise stated, dismissals under Rule 41(b) are with prejudice."); *Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 610-11 (3d Cir. 2020) ("For *voluntary* dismissals, the default rule is that a plaintiff's first dismissal is without prejudice . . . . For *involuntary* dismissals, the default rule is the opposite. Unless the dismissal order states

---

[2] The Court notes, however, that "when a litigant's conduct makes adjudication of the case impossible, [] balancing under *Poulis* is unnecessary." *Sebrell ex rel. Sebrell v. Philadelphia Police Dep't*, 159 F. App'x 371, 374 (3d Cir. 2005) (affirming dismissal without assessment of *Poulis* factors where Plaintiff refused to cooperate with court's order that she complete required forms to effect service despite clear instructions and warning that she would face dismissal for failure to comply with court's order); *see also Jackson v. U.S. Bankr.Ct.*, 350 F. App'x. 621, 624 (3d Cir. 2009) (per curiam) (Plaintiff's disappearance and failure to oppose motions and communicate with the court for more than one year rendered assessment of *Poulis* factors unnecessary). Here, the adjudication of this case was rendered impossible, and thus balancing under *Poulis* was not required, in view of Plaintiff's failure—for over one year—to update his mailing address and contact information with the Court, which resulted in mail being returned as undeliverable; his failure to respond to Magistrate Judge Henderson's Orders, notwithstanding a warning that such failure would result in a recommendation for dismissal; his failure to appear at Court hearings; and his failure to respond to Defendant's Motion to Dismiss. Nonetheless, balancing under *Poulis* was not error.

otherwise, it operates as an adjudication on the merits and so . . . involuntary dismissals are presumptively with prejudice." (emphasis in original) (internal quotations and citation omitted)). The Magistrate Judge's recommendation of dismissal thus translates into a recommendation of dismissal with prejudice, which the Court finds warranted in view of Plaintiff's failure to respond to Defendant's Motion to Dismiss, to respond to two Court Orders (Dkt. Nos. 26, 31), to attend two Court hearings, and to update the Court with his mailing address, together with the fact that the *Poulis* factors overwhelming weigh in favor of dismissal.

### III.   Conclusion

In view of the foregoing, the Court will adopt Magistrate Judge Henderson's R&R as modified herein and dismiss with prejudice Plaintiff's claims against Defendant for failure to prosecute. An appropriate Order accompanies this Memorandum Opinion.

Date:   December 9, 2022                                        _____/s/_____
                                                                WILMA A. LEWIS
                                                                District Judge